**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
CARLOS OSORIA,

                        Plaintiff,                    **MEMORANDUM**
                                                          **AND ORDER**
      - against -

                                                      CV 08-0705 (FB) (JO)

AIRBUS INDUSTRIE, et al.,

                      Defendants.
-------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Carlos Osoria ("Osoria") filed this personal injury action against defendants Airbus North America Holdings, Inc., EADS (collectively the "Airbus Defendants") and numerous other defendants in the Supreme Court of the State of New York, County of Kings, on January 16, 2008. *See* Docket Entry ("DE") 1 (including the Airbus Defendants' Notice of Removal ("Notice") and the plaintiff's Verified Complaint ("Complaint")). On February 19, 2008, the Airbus Defendants filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that the Airbus Defendants have not satisfied their burden of establishing that this court has original jurisdiction. Specifically, they have failed to demonstrate that the amount in controversy exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4). *See generally Bellocchio v. Enodis Corp.*, 499 F. Supp. 2d 254 (E.D.N.Y. 2007).

      A.      <u>Removal Procedures Generally</u>

      A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must examine it "promptly." 28 U.S.C. § 1446(c)(4). "If it

clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Where, as here, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, the defendant must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)). With respect to the amount-in-controversy element of diversity jurisdiction, the removing party must "prov[e] that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994). A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal." *Blockbuster, Inc.*, 472 F.3d at 57 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)); *see also Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957) (if a complaint does not establish amount in controversy, "the court may look to the petition for removal").

B.  The Effects Of New York's Procedural Law On Removal To Federal Court

The plaintiff's Complaint does not specify the amount of damages sought, and for good reason. New York law forbids the inclusion of an *ad damnum* clause in a personal injury case

like this one. *See* N.Y. C.P.L.R. § 3017(c). Thus, the Complaint includes only a perfunctory allegation about the source of Osoria's claimed injuries – specifically, that the flooring of the aircraft on which he was working became loose, detached from the floor, and "caused [Osoria] to slip, trip and be precipitated to the floor," Complaint ¶¶ 48, 57 – and a boilerplate pleading to describe the extent of those injuries. The Complaint's most specific allegation in the latter regard is that Osoria "suffered grievous and permanent personal injuries, pain, suffering and loss of enjoyment of life, incurred pecuniary damages, medical, hospital, rehabilitative and other expenses, and diminution of current and future earning capacity." *Id*. ¶ 69; *see also id*. ¶¶ 73, 78, 92, 96, 101, 105 (repeating same allegation verbatim). Although I can infer from this allegation that Osoria may seek a substantial recovery from the defendants if he can establish that they are liable, I cannot conclude from the boilerplate pleading that the amount in controversy necessarily exceeds $75,000.

The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco v. MGM Transport, Inc.*, 2006 WL 463504, at *1 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001))). The Notice provides no additional detail to support jurisdiction; it merely makes the conclusory assertion that "it is clear from the face of the Complaint that the Plaintiff seeks an amount in excess of the jurisdictional minimum." Notice ¶ 7. In seeking to overcome the deficiency in their Notice, the Airbus Defendants purport to rely on authority that is plainly inapposite. Specifically, in citing *James v. Gardner*, 2004 WL 2624004 (E.D.N.Y. Nov. 10, 2004), the Airbus Defendants ignore the fact that in that case,

3

unlike this one, the existence of a sufficient amount in controversy was established by evidence in the record beyond the pleadings – specifically, medical reports revealing that the plaintiff "sustained a disc herniation, bulging disc, central disc herniation, tear of the mid to distal Achilles tendon, partial tear anterior horn medial meniscus, partial tear posterior horn lateral meniscus, and synovitis of knee and condromalacia lateral tibial condyle." *Id.* at *4. Based on such specific extrinsic evidence the court concluded there was "a reasonable probability that the amount in controversy exceed[ed] $75,000." No such evidence exists in the record of this case.[1] Accordingly, I conclude that the Notice does not suffice to establish the existence of federal jurisdiction. *See DeMarco*, 2006 WL 463504, at *2 (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-05).

The Airbus Defendants are not without recourse. The same state law provision that prohibited Osoria from including an allegation in his Complaint that might support a sufficient notice of removal also provides a procedural mechanism by which the Airbus Defendants can ascertain the existence of facts necessary to invoke federal diversity jurisdiction: "A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request." N.Y. C.P.L.R. § 3017(c); *see Bellocchio*, 499 F. Supp. 2d at 256. The Airbus

---

[1] Curiously, while the Airbus Defendants have conducted legal research sufficient to find an unpublished decision that is entirely distinguishable on the legal point they seek to argue, their research has somehow failed to turn up the more recent published authority in this jurisdiction that is directly on point. *Bellocchio*, 499 F. Supp. 2d 254 (E.D.N.Y. 2007); *see also, e.g.*, *Abdelaziz v. AE Outfitters Retail Co.*, 2007 WL 4242365 (E.D.N.Y. Nov. 29, 2007); *Sonn v. Wal-Mart Stores, Inc.*, 2006 WL 752829 (E.D.N.Y. March 23, 2006).

Defendants were free to take advantage of that provision before seeking to remove the case, and they will of course be free to do so if and when this remand order takes effect and the case is once again governed by New York State's discovery rules.[2]

Nor are the Airbus Defendants prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. Defendants must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendants receive "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). Where the response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendants to seek removal within 30 days. *See DeMarco*, 2006 WL 463504, at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, at *3 (S.D.N.Y. July 6, 2005)).

---

[2] While the case remains pending in federal court, New York's discovery mechanisms are plainly unenforceable, and the parties are instead subject to the provisions of the Federal Rules of Civil Procedure. Those rules generally forbid any party from insisting on the production of any discovery before the initial conference among counsel. *See* Fed. R. Civ. P. 26(d), (f). Nevertheless, the parties are free to exchange information by consent at any time; the voluntary production by the plaintiff of information available to a defendant in state court pursuant to N.Y. C.P.L.R. § 3017(c) would likely serve to avoid needless delay if there is indeed a basis for diversity jurisdiction in this case.

C.  Remand And Review Procedures

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command; it also makes sense. Requiring the Airbus Defendants to seek the supplemental information available under state law before attempting to remove the case places no meaningful burden on them that they will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, the Airbus Defendants will need to find out the extent of the damages that Osoria claims to have sustained. I decide no more than that they must seek out that information before coming to this court, not after. If the Airbus Defendants learn that Osoria seeks damages in excess of $75,000 – and if, when they do so, it remains true that all other defendants either have not been served or consent to the removal – they may seek to reopen the case in this court and Osoria will have to bear the burdens associated with the removal. On the other hand, if it turns out that Osoria does not claim more than $75,000 in damages (or that other named defendants who have by that time been served object to removal), then the case will properly remain in state court – and this court will not be burdened with overseeing discovery of a dispute that is not properly before it. *Bellocchio*, 499 F. Supp. 2d at 257.

Finally, assuming that this case must be summarily remanded, there remains the question of whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have

the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005).

Such an order normally "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, for the reasons explained below, I will stay the order of remand for a sufficient time to allow the Airbus Defendants to lodge any objections they may have to this decision with the district judge assigned to this case. As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A). The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls. As a result, notwithstanding the removal statute's general proscription of appellate or other "review," a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law. *See, e.g., Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

The Airbus Defendants will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand *sua sponte* for a period of time sufficient for the Airbus Defendants to file any objections they may have. Under the pertinent rules, a stay until March 17, 2008, will accomplish that purpose. *See* Fed. R. Civ. P. 72(a) (requiring objections to a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6(a), (d) (computation of time). Should the Airbus Defendants actually pursue such relief,

7

they may of course apply to me or to the assigned district judge for a further stay pending resolution of their objections.[3]

D. Conclusion

For the reasons set forth above, the Clerk is respectfully directed to remand this case to the Supreme Court of the State of New York, Kings County. In order to afford the defendants sufficient time to file a motion for reconsideration of this order by the assigned district judge, I stay this order until March 17, 2008.

**SO ORDERED.**

Dated: Brooklyn, New York
February 26, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[3] In addition, if the Airbus Defendants can establish that the jurisdictional requirements are satisfied before the stay elapses, either by virtue of information provided by Osoria or other means, I will of course entertain an application for reconsideration and, if persuaded that there exists federal diversity jurisdiction and that all served defendants consent, vacate this order.